IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JEFF D., et al., | ) | |
| | ) | Case No. CV-80-4091-S-BLW |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| DIRK KEMPTHORNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In order to narrow the issues in this matter, the Court ordered counsel in this matter to work together in filing a joint stipulation of undisputed facts. The Court also requested each party to file a brief supporting their position as to whether, based upon those stipulated facts, the defendants are or are not in compliance with the Implementation Plan ("IP") and/or the Joint Report to the Court ("JRC"). The Court held oral argument on the issue on February 24, 2006, and now issues the following decision identifying where defendants are or are not in compliance with the IP and JRC as they relate to the stipulated undisputed facts.

**Memorandum Decision and Order -- page 1**

## ANALYSIS

### I.   General Statements

On January 6, 2006, the parties filed a Joint Statement of Stipulated Facts. Attached to the Joint Statement of Stipulated Facts was a matrix (the "Matrix"), listing specific Action Items in numerical and alphabetical order. To the right of each Action Item, the parties listed undisputed facts, if any, that relate to the corresponding Action Item. In this Order, the Court will address each Action Item where the parties have identified corresponding undisputed facts. The Court will determine whether or not either defendant, Department of Health and Welfare ("DHW") or Department of Juvenile Corrections ("DJC"), or both, have complied with an Action Item based on the corresponding undisputed facts.

If the Court cannot determine whether there has been compliance based on the undisputed facts, the Court will state that compliance is still undetermined. However, where the parties have stipulated to facts, but the facts are insufficient to make a determination as to whether a defendant has complied with all of the requirements of an Action Item, the Court will nevertheless accept the stipulated facts for purposes of issuing the final decision in this case.

The Court will not re-state the content of each Action Item in this Order. Instead the Court will refer to each Action Item by its numerical and alphabetical

designation as referenced in the Matrix.  The parties can refer to the Matrix for the specific language of an Action Item.

The Court notes that in certain instances, the defendants have asked the Court for relief from an Action Item.  Since that was not the purpose of this procedure, the Court will not determine whether or not it will relieve the defendants from certain Action Items.  Such a determination may be addressed by subsequent dispositive motions or at the trial in this matter.

## II.    Action Items

**1A.**    The parties stipulated that a brochure was reprinted in 2004 and 2005, which contained telephone numbers for children's mental health services. Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 1A.  Accordingly, the Court finds that DHW is in compliance with Action Item 1A.  DJC compliance is not an issue.

**IB.**    The parties stipulated that DJC complied with Action Item 1B.  The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item.  Accordingly, the Court finds that DJC is in compliance with Action Item 1B, but DHW compliance is still undetermined.

**1C.**    The parties stipulated that DJC complied with Action Item 1C.  The parties

Memorandum Decision and Order -- page 3

did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC is in compliance with Action Item 1C, but DHW compliance is still undetermined.

**1D.** The parties stipulated that DJC complied with Action Item 1D. The parties stipulated that DHW developed a family satisfaction survey, and that DHW instituted a new family satisfaction survey in 2005. Based on these stipulated facts, the Court finds that DHW substantially fulfilled its requirements under Action Item 1D. Accordingly, the Court finds that both DJC and DHW are in compliance with Action Item 1D.

**1E.** DJC compliance is undisputed. The parties stipulated that ICCMH developed a policy on stipends. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DJC is in compliance with Action Item 1E, but DHW compliance is undetermined.

**1F.** DJC compliance is undisputed. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC is in compliance with Action Item 1F, but DHW compliance is still undetermined.

**Memorandum Decision and Order -- page 4**

**1G.** The facts stipulated to under this Action Item are insufficient to determine whether the defendants have complied with Action Item 1G. Accordingly, the Court finds that both DJC and DHW compliance is still undetermined.

**1L.** The facts stipulated to under this Action Item are insufficient to determine whether DHW is in compliance with Action Item 1L. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**2A.** The parties stipulated that compliance is undisputed. Accordingly, the Court finds that both DHW and DJC are in compliance with Action Item 2A.

**2C.** The parties stipulated that DHW provided ICCMH an operating budget. The Court finds that based on these undisputed facts, DHW substantially fulfilled its requirements under Action Item 2C. Accordingly, the Court finds that DHW is in compliance with Action Item 2C. DJC compliance is not an issue.

**2F.** The parties stipulated that Chuck Halligan has been appointed as a lead person, and that progress reports have identified the critical needs of regional and local councils for technical assistance. The Court finds that based on these undisputed facts, DHW substantially fulfilled its

requirements under Action Item 2F. Accordingly, the Court finds that DHW is in compliance with Action Item 2F. DJC compliance is not an issue.

**3E.** The parties stipulated that DJC complied with Action Item 3E. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC is in compliance with Action Item 3E, but DHW compliance is still undetermined.

**4A.** The parties stipulated that the Governor's office authorized the creation of regional and local councils, representatives of the regional council met to develop a business practice model to address deficiencies in the councils, the practice model was approved, and DHW has allocated a wrap around specialist care manager for each of the six regions and two wrap around specialists for region four. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**4B.** The parties stipulated that compliance is undisputed. Accordingly, the Court finds that both DHW and DJC are in compliance with Action Item

4B.

**4C.**   The parties stipulated that local councils have increased in number. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**4E.**   The parties stipulated that DJC complied with Action Item 4E. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC is in compliance with Action Item 4E, but DHW compliance is still undetermined.

**4F.**   The parties stipulated that the Cooperative Agreement evaluation is limited to local councils. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that compliance is still undetermined. DJC compliance is not an issue.

**4G.**   DHW acknowledges that it is not in compliance with Action Item 4G. Accordingly, the Court finds that DHW is not in compliance with Action

Item 4G.  DJC compliance is not an issue.

**4L**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 4L.  DJC compliance is not an issue.

**4N.**  The parties stipulated that a protocol was developed for local councils to serve children with dual diagnoses.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 4N.  Accordingly, the Court finds that DHW complied with Action Item 4N.  DJC compliance is not an issue under Action Item 4N.

**6A.**  The parties stipulated that the ICCMH approved the recommendations from the School-Based Childrens Mental Health Work Group on July 1, 2002.  Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 6A.

**11A.**  The parties stipulated that DJC complied with Action Item 11A.  The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item.  Accordingly, the Court finds that DJC complied with

**Memorandum Decision and Order -- page 8**

Action Item 11A, but DHW compliance is still undetermined.

**11B.** The parties stipulated that DHW and DJC are identifying children who are SED and who have been committed to DJC using CAFAS to pre-qualify them for services after they are released. Based on these stipulated facts, the Court finds that DHW and DJC substantially fulfilled the requirements of Action Item 11B. Accordingly, the Court finds that DHW and DJC complied with Action Item 11B.

**11C.** The parties stipulated that DJC complied with Action Item 11C. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC complied with Action Item 11C, but DHW compliance is still undetermined.

**11D.** The parties stipulated that DJC complied with Action Item 11D. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC complied with Action Item 11D, but DHW compliance is still undetermined.

**11E.** The parties stipulated that DJC complied with Action Item 11E. The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item. Accordingly, the Court finds that DJC complied with Action Item 11E, but DHW compliance is still undetermined.

**Memorandum Decision and Order -- page 9**

**11G.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 11G.  DJC compliance is not an issue.

**12A.** The parties stipulated that Utilization Management was not implemented. Although the parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 12A.

**12B.** The parties stipulated that local councils have not tracked common data elements.  Although the parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 12B.

**12C.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 12C.  DJC compliance is not an issue.

**13B.** The parties stipulated that DJC is not applicable.  The parties did not

Memorandum Decision and Order -- page 10

stipulate to any undisputed facts regarding DHW compliance with this

Action Item.  Accordingly, the Court finds that DJC is not applicable to this

Action Item, but DHW compliance is still undetermined.

**13C.**  The parties stipulated that SDE has adopted a methodology for the

identification of children with SED.  Based on these stipulated facts, the

Court finds that DHW substantially fulfilled the requirements of Action

Item 13C.  Accordingly, the Court finds that DHW complied with Action

Item 13C.  DJC compliance is not an issue under Action Item 13C.

**14A.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 14A.  DJC compliance is not an

issue.

**14C.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 14C.  DJC compliance is not an

issue.

**15A.**  The parties stipulated that Utilization Management was not implemented so

the standardization of all Medicaid and non-Medicaid paid mental health

services for children was delayed.  Although the parties stipulated that

DHW has not completed certain steps required by this Action Item, the

stipulated facts are insufficient to determine that DHW is not in compliance

with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 15A.

**15B.** The facts stipulated to under this Action Item are insufficient to determine whether DHW complied with Action Item 15B. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 15B.

**16B.** The facts stipulated to under this Action Item are insufficient to determine whether DHW complied with Action Item 16B. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 16B.

**17A.** The parties stipulated that the Medicaid work group has determined such services are Medicaid-reimbursable and cost effective for delivery in rural areas undeserved at the present time. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 17A.

**18B.** The parties stipulated that Utilization Management was not implemented. Although the parties stipulated that DHW has not completed certain steps

required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 18B.

**19A.** Compliance is undisputed by the parties. Accordingly, the Court finds that DHW is in compliance with Action Item 19A. DJC compliance is not an issue.

**20A.** Compliance is undisputed by the parties. Accordingly, the Court finds that DHW and DJC are in compliance with Action Item 20A.

**21A.** The parties stipulated that SDE reported in April 2003 that 49 out of 114 school districts were billing Medicaid and it has conducted training and is making revisions to the procedure manual. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue under Action Item 21A.

**21B.** The parties stipulated that new standards for mental health services and billings were developed. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are

insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 21B.

21C.  The parties stipulated that Medicaid manuals were distributed and some training was conducted.  Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 21C.

23A.  The parties stipulated that the rates of commitments for children with SED to DJC continues to be in the range of 30% or higher.  However, the facts stipulated to under this Action Item are insufficient to determine whether DHW complied with Action Item 23A.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 23A.

24B.  The facts stipulated to under this Action Item are insufficient to determine whether DHW complied with Action Item 24B.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue under Action Item 24B.

**Memorandum Decision and Order -- page 14**

**25A.** The parties stipulated that DHW submitted the service definitions which were approved by ICCMH on June 19, 2002, except for day treatment and respite care. The parties also stipulated that DHW has established the service definitions and the baseline data for core service and developed a method for determining capacity and future targets. Finally, the parties stipulated that DHW developed the baseline data for the core services. Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 25A. Accordingly, the Court finds that DHW complied with Action Item 25A. DJC compliance is not an issue under Action Item 25A.

**25C.** Compliance is undisputed by the parties. Accordingly, the Court finds that DHW is in compliance with Action Item 25C. DJC compliance is not an issue.

**25E.** The parties stipulated that DHW has not made a determination of the amount each region should be spending on each service. DHW acknowledges that it is not in compliance with Action Item 25E. Accordingly, the Court finds that DHW is not in compliance with Action Item 25E.

**26A.** The parties stipulated that a task force was appointed which completed the

**Memorandum Decision and Order -- page 15**

minimum standards for a crisis response.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 26A.  Accordingly, the Court finds that DHW complied with Action Item 26A.  DJC compliance is not an issue under Action Item 26A.

**26B.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 26B.  DJC compliance is not an issue.

**26E.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 26E.  DJC compliance is not an issue.

**26H.** The parties stipulated that training at the POST academy for police officers in handling children with mental health needs and educating them as to the resources available has been implemented.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 26H.  Accordingly, the Court finds that DHW complied with Action Item 26H.  DJC compliance is not an issue under Action Item 26H.

**27D.** The parties stipulated that DJC compliance is undisputed.  The parties also stipulated that CAFAS is being used for assessments.  Although the parties stipulated that DHW has completed certain steps required by this Action

Item, the stipulated facts are insufficient to determine that DHW is in full

compliance with this Action Item. Accordingly, the Court finds that DHW

compliance is still undetermined, but DJC has complied with Action Item

27D.

**27E.** Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW and DJC are in compliance with Action Item 27E.

**27F.** The parties stipulated that DJC compliance is undisputed.  The facts

stipulated to under this Action Item are insufficient to determine whether

DHW complied with Action Item 27F.  Accordingly, the Court finds that

DHW compliance is still undetermined, but DJC has complied with Action

Item 27F.

**27G.** The parties stipulated that DHW, DJC and SDE have not developed a plan

for assessment and accessing services across agencies through local

councils.  Although the parties stipulated that DHW has not completed

certain steps required by this Action Item, the stipulated facts are

insufficient to determine that DHW is not in compliance with this Action

Item. Accordingly, the Court finds that DHW and DJC compliance is still

undetermined.

**27I.** Compliance is undisputed by the parties.  Accordingly, the Court finds that

**Memorandum Decision and Order -- page 17**

DHW is in compliance with Action Item 27I.  DJC compliance is not an issue.

**27J.**  The parties stipulated that training at the POST has been provided by DHW. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**27K.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 27K.  DJC compliance is not an issue.

**28A.**  The parties stipulated that service standards allow for services to be provided in non-clinical setting.  However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 28A.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**28E.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DJC is in compliance with Action Item 28E.  DHW compliance is not an issue.

**29A.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 29A.  DJC compliance is not an issue.

**29B.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 29B.  DJC compliance is not an issue.

**29C.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 29C.  DJC compliance is not an issue.

**29D.** The parties stipulated that the councils have a Practice Model which includes care management (wrap around specialist).  However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 29D.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**29E.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 29E.  DJC compliance is not an issue.

**29F.** Compliance is undisputed by the parties.  Accordingly, the Court finds that

**Memorandum Decision and Order -- page 19**

DHW is in compliance with Action Item 29F.  DJC compliance is not an issue.

**29H.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 29H.  DJC compliance is not an issue.

**29I.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DJC is in compliance with Action Item 29I.  DHW compliance is not an issue.

**29J.**  The parties stipulated that DHW has not provided training to the local councils on the use of EPSDT.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item DHW.  DJC compliance is not an issue.

**29L.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW and DJC are in compliance with Action Item 29L.

**30A.**  The parties stipulated that school mental health standards were developed. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.

DJC compliance is not an issue.

**30B.** The parties stipulated that regional and local councils have not reviewed each region's day treatment programs and have not made recommendations to ICCMH to increase capacity.  DHW acknowledges that it is not in compliance with this Action Item.  Accordingly, the Court finds that DHW is not in compliance with Action Item 30B.  DJC compliance is not an issue.

**30C.** The parties stipulated that information on outcomes, composition, gaps in day treatment capacities utilizing the Needs Assessment Model, and compliance with standards have not been included in ICCMH Community Report.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item DHW.  DJC compliance is not an issue.

**30E.** The parties stipulated that ICCMH has approved the recommendations from the school-based Children's Mental Health Workgroup, July 1, 2002.  However, the facts stipulated to under this Action Item are insufficient to determine whether DHW or DJC has complied with Action Item 30A.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**31B.** The parties stipulated that DHW funding requests included the entire foster care program and did not focus on therapeutic foster family providers.  The

parties also stipulated that DHW documentation of community incentives being utilized is not statewide.  Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. DJC compliance is not an issue.

**31C.**  The parties stipulated that DJC compliance is undisputed.  The parties further stipulated that DHW work group completed a report identifying barriers that hindered families' access and the use of therapeutic foster care, standardized training and clinical support for therapeutic foster care families, and recruitment of therapeutic foster care families.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 31C.  Accordingly, the Court finds that both DHW and DJC complied with Action Item 31C.

**31D.**  The parties stipulated that DHW determined it was feasible to use therapeutic foster care for respite care but in order to implement, such use is limited.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 31D.  Accordingly, the Court finds that DHW complied with Action Item 31D.  DJC compliance is not an issue.

**Memorandum Decision and Order -- page 22**

**31E.** The parties stipulated that information regarding outcomes are not included in ICCHM Report to Governor and State Planning Council on Mental Health.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item 31E.  DJC compliance is not an issue.

**31F.** The parties stipulated that in 2005, DHW and DJC formed a work group to explore the possibility of a statewide therapeutic foster care system for children in DHW and DJC custody and leverage funding by using Medicaid.  Although the parties stipulated that DHW and DJC have completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW and/or DJC are in full compliance with this Action Item.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**31G.** The parties stipulated that in 2005, DHW and DJC formed a work group to explore the possibility of a statewide therapeutic foster care system for children in DHW and DJC custody and leverage funding by using Medicaid.  Although the parties stipulated that DHW and DJC have completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW and/or DJC are in full compliance with this Action Item.  Accordingly, the Court finds that DHW and DJC compliance is still

undetermined.

31I.   The parties stipulated that in 2005, DHW and DJC formed a work group to explore the possibility of a statewide therapeutic foster care system for children in DHW and DJC custody and leverage funding by using Medicaid. Although the parties stipulated that DHW and DJC have completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW and/or DJC are in full compliance with this Action Item.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

31J.   The parties stipulated that DJC compliance is undisputed.  The parties did not stipulate to any undisputed facts regarding DHW compliance with this Action Item.  Accordingly, the Court finds that DJC complied with Action Item 31J, but DHW compliance is still undetermined.

31K.  The parties stipulated that in 2005, DHW and DJC formed a work group to explore the possibility of a statewide therapeutic foster care system for children in DHW and DJC custody and leverage funding by using Medicaid. Although the parties stipulated that DHW and DJC have completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW and/or DJC are in full compliance with this Action

Item. Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**31L.** The parties stipulated that no plan has been included in the Governor's Report. Although the parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**32A.** The parties stipulated that a work group was established to address family supports, including identifying supports available and to develop recommendations and protocols to use. The parties also stipulated that standards for family support were developed. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**32B.** The parties stipulated that the work group's report indicated based upon current use, more finding was needed. However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has

complied with Action Item 32B.  Accordingly, the Court finds that DHW

compliance is still undetermined.  DJC compliance is not an issue.

32C.  The parties stipulated that local councils have not identified what family

supports are needed in their area nor defined priorities and funding for them.

The parties also stipulated that the standard requires that each region

annually submit service delivery goals for family support services.  Based

on the stipulated facts, the Court finds that DHW is not in compliance with

Action Item 32C.  DJC compliance is not an issue.

32F.  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 29L.  DJC compliance is not an

issue.

34A.  The parties stipulated that a work group developed a summary of early

identification tools that could be used to identify developmental issues for

children from birth to age 9.  The parties also stipulated that DHW has

recommended the development of a training curriculum on early

identification screening and treatment options and resources fro community

stake-holds.  The parties further stipulated that the workgroup has not

developed a training curriculum.  Finally, the parties stipulated that groups

did not identify treatment methods and additional programming options for

this age group.  Although the parties stipulated that DHW has completed

certain steps required by this Action Item, the stipulated facts are

insufficient to determine that DHW is in full compliance with this Action

Item. Accordingly, the Court finds that DHW compliance is still

undetermined.  DJC compliance is not an issue.

**34C.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 34C.  DJC compliance is not an

issue.

**34D.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 34D.  DJC compliance is not an

issue.

**34F.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 34F.  DJC compliance is not an

issue.

**34G.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 34G.  DJC compliance is not an

issue.

**34H.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

DHW is in compliance with Action Item 34H.  DJC compliance is not an

issue.

**35A.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 35A.  DJC compliance is not an issue.

**35C.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 35C.  DJC compliance is not an issue.

**35D.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 35D.  DJC compliance is not an issue.

**36B.** The parties stipulated that DHW does not review this service to identify existing gaps between inpatient services and those preceding and following this service.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item 36B.  DJC compliance is not an issue.

**39B.** The parties stipulated that an action plan has not been presented to the ICCMH which addresses shortages in availability and access to child mental health professionals.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item 39B.  DJC compliance is not an issue.

**40A.** The parties stipulated that DHW added a child psychiatrist as a member of the ICCMH.  Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 40A.  Accordingly, the Court finds that DHW complied with Action Item 40A.  DJC compliance is not an issue.

**40D.** The facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 40D.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**40E.** The parties stipulated that the committee has not been reconvened to address and make recommendations.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item 40E.  DJC compliance is not an issue.

**41C.** The parties stipulated that local councils do not track the number of parent-run support services and annually report to ICCMH.  Based on the stipulated facts, the Court finds that DHW is not in compliance with Action Item 41C.  DJC compliance is not an issue.

**41F.** DJC compliance is undisputed.  The parties stipulated that DHW is not contracting with IFFCMH for its family satisfaction survey.  Although the

parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item.  Accordingly, the Court finds that DHW compliance is still undetermined, but DJC is in compliance with Action Item 41F.

**41G.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW and DJC are in compliance with Action Item 41G.

**41H.** The facts stipulated to under this Action Item are insufficient to determine whether DHW or DJC have complied with Action Item 41H.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**41J.** The parties stipulated that DHW, DJC and SDE do not provide a brochure on advocacy resources or consents to refer them to the IFFCMH.  Although the parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**42A.** The facts stipulated to under this Action Item are insufficient to determine whether DHW or DJC have complied with Action Item 42A.  Accordingly, the Court finds that DHW and DJC compliance is still undetermined.

**Memorandum Decision and Order -- page 30**

**43A.** The parties stipulated that accountability and outcome standards have not been developed and adopted by the ICCMH. Although the parties stipulated that DHW has not completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is not in compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**43B.** DJC compliance is undisputed. The parties stipulated that DHW has developed a flow chart for its Mental Health Services and published in Parent's Guide. The parties also stipulated that local councils and the wrap around processes are not in the pathways of the charts. Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 43B. Accordingly, the Court finds that both DHW and DJC have complied with Action Item 43B.

**44A.** Compliance is undisputed by the parties. Accordingly, the Court finds that DHW is in compliance with Action Item 44A. DJC compliance is not an issue.

**44C.** The parties stipulated that academies have not assisted local councils to develop appropriate targets. However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with

Action Item 44C.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**44D.**  The parties stipulated that DHW has developed standardized service definitions for services.  Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**44H.**  DJC compliance is undisputed.  The parties stipulated that Family Satisfaction surveys have been developed.  However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 44C.  Accordingly, the Court finds that DHW compliance is still undetermined.  DJC compliance is not an issue.

**45C.**  The parties stipulated that ICCMH has published a Community Report. Based on these stipulated facts, the Court finds that DHW substantially fulfilled the requirements of Action Item 45C.  Accordingly, the Court finds that both DHW has complied with Action Item 45C.  DJC compliance is not an issue.

**46A.**  Compliance is undisputed by the parties.  Accordingly, the Court finds that

**Memorandum Decision and Order -- page 32**

DHW is in compliance with Action Item 46A.  DJC compliance is not an issue.

**46B.** Compliance is undisputed by the parties.  Accordingly, the Court finds that DHW is in compliance with Action Item 35A.  DJC compliance is not an issue.

**47A.** DJC Compliance is undisputed by the parties.  Accordingly, the Court finds that DJC is in compliance with Action Item 47A.  DHW compliance is not an issue.

**47C.** DJC Compliance is undisputed by the parties.  Accordingly, the Court finds that DJC is in compliance with Action Item 47C.  DHW compliance is not an issue.

**48A.** DJC Compliance is undisputed by the parties.  Accordingly, the Court finds that DJC is in compliance with Action Item 48A.  DHW compliance is not an issue.

**49F.** The parties stipulated that DHW has not developed staff baselines. Although the parties stipulated that DHW has completed certain steps required by this Action Item, the stipulated facts are insufficient to determine that DHW is in full compliance with this Action Item. Accordingly, the Court finds that DHW compliance is still undetermined.

DJC compliance is not an issue.

**50A.** The parties stipulated that an integrated information system has yet to be developed across agencies. However, the facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 50A. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**50C.** The facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 50C. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

**50D.** The facts stipulated to under this Action Item are insufficient to determine whether DHW has complied with Action Item 50D. Accordingly, the Court finds that DHW compliance is still undetermined. DJC compliance is not an issue.

## ORDER

The purpose of the above process was to limit the number of issues the parties will need to address at the trial in this matter by determining, based on undisputed facts, whether or not DHW and/or DJC are in compliance with certain Action Items. Accordingly,

**Memorandum Decision and Order -- page 34**

NOW THEREFORE IT IS HEREBY ORDERED that DHW and DJC compliance and/or non-compliance has been determined in accordance with the above findings.

DATED:  **April 28, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court