IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFF D., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>DIRK KEMPTHORNE, et al.,<br><br>   Defendants.<br>_____ | Case No. CV-80-4091-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

   The Court has before it several pre-trial motions: (1) DJC Director Reinke's

Motion for Relief From Recommendation 23 (Docket No. 462); (2) DJC Director's

Motion for Partial Summary Judgment on All Remaining Issues (Docket No. 509);

(3) Defendants Kempthorne and Kurtz's Motion for Summary Judgment (Docket

No. 510); (4) Plaintiff's Certified Motion to Compel and/or Motion in Limine

(Docket No. 590); (5) Non-Party Holland-Smith's Motion for Protective Order

(Docket No. 601); and (6) Defendants Kempthorne's and Kurtz' Motion for

Protective Order (Docket No. 603).

### Defendant DJC's Motion for Relief from Recommendation 23

   DJC moves for relief from Recommendation 23 based on the following four

arguments: (1) DJC was not a party to this case during fiscal year 2000 and during

**Memorandum Decision and Order -- Page 1**

the setting of the fiscal year 2001 budget; (2) compliance with the Recommendation would violate separation of powers principles; (3) the goal of Recommendation 23 was reached; and/or (4) modification of the agreement is warranted because of a change in circumstances.

First, although DJC was not a party during fiscal year 2000 or during the setting of the fiscal year 2001 budget, DJC did participate in the submission of the Implementation Plan and related Action Items.  This is sufficient to hold DJC to its obligations under Recommendation 23.

Second, DJC argues that it is a violation of the separation of powers for this Court to order DJC to transfer money to the Child and Family Cabinet Council. Even if true, this does not relieve DJC from its obligations under Recommendation 23.  The language in the Recommendation and its related Action Items is not so specific - it includes phrases such as planning and recommendations to state DJC's duties.  DJC cannot do nothing, and then seek relief based on a separation of powers argument.  Did DJC make any recommendations to the Idaho legislature for the agreed-to appropriations?  Did DJC request the needed appropriations from the Idaho legislature?  Were the DJC's obligations satisfied by requesting the appropriations from the legislature?   Did the Consent Decree require more? Without answers to these questions, the Court cannot relieve DJC of its duties

**Memorandum Decision and Order -- Page 2**

under Recommendation 23.[1]

Third, DJC argues that it should be relieved from its obligation under Recommendation 23 because the objectives of the Recommendation have been achieved.  The parties did not provide the Court with sufficient stipulated facts regarding Recommendation 23, and therefore the Court cannot make a determination as to whether the objectives were achieved at this point.

Fourth, DJC contends that the Court should modify Recommendation 23 and relieve DJC of its duties based on changed circumstances.  Although the Court agrees that it can modify a consent decree in light of changed circumstances, here the Court is not presented with sufficient evidence to do so at this time.  *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992).  The Court may do so post-trial, after it is presented with all of the evidence in this case.[2]  Accordingly, the Court will not relieve DJC of its obligations under Recommendation 23.

---

[1] Based on DJC's supplemental brief, in 2006 the Idaho legislature did appropriate funds for juvenile health services for children not in DJC custody.  Thus, we know appropriation is possible.  The question is, did DJC do its part in trying to obtain those funds in 2000 and 2001.

[2] The Court recognizes that Recommendation 23 and its related Action Items suggest that the initial plan for transferring funds to the Child and Family Cabinet Council may not be possible.  This may affect what constitutes compliance with Recommendation 23 and its related Action Items, but it does not excuse DJC from complying with Recommendation 23.

**Memorandum Decision and Order -- Page 3**

**Plaintiffs' Motion to Compel and/or in Limine, Defendants'
Motion for Protective Order and Non-Party Holland-Smith's
Motion for Protective Order**

Plaintiffs' seek an order compelling further deposition testimony of Karl

Kurtz, Brad Folton and Kathy Holland-Smith.  Defendants and Ms. Holland-Smith

seek protective orders preventing any further testimony based on executive and

legislative privilege.

### A.      Executive Privilege.

Governments may withhold documents and/or bar testimony under the

deliberative process and mental process privileges.  *See Federal Trade

Commission ("FTC") v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th

Cir. 1984); *see also Morgan v. United States*, 304 U.S. 1, 18 (1938).  The

privileges permit the government to withhold documents that "reflect advisory

opinions, recommendations and deliberations comprising part of a process by

which government decisions and policies are formulated."  *FTC*,  742 F.2d at 1161.

The privilege applies to pre-decisional documents and testimony.  *Id.*

In this case, a review of the testimony provided to the Court suggests that

Plaintiffs' counsel sought testimony that fell within the privileges.  In fact,

Plaintiffs do not appear to put forth much of an argument that it does not.

Plaintiffs contend, however, that they are nonetheless entitled to the information

based on one of two exceptions: (1) the need for the privileged material outweighs the need for confidentiality; or (2) Defendants have waived the privilege.  Without going into detail, the Court will find that Defendants have not waived the privilege.

Among the factors to be considered in determining whether the privilege outweighs the need for confidentiality are: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions."  *Id.*  In this case, there is really no dispute about the government's role as a defendant.  With respect to the availability of other evidence, although Defendants have not provided information regarding the decision-making process, Defendants have provided Plaintiffs with the final budget requests.  As to whether disclosure would hinder frank and independent discussion, the compelled disclosure of pre-decisional documents and discussions would almost certainly injure the quality of agency decisions.  Finally, the relevance question in this case is somewhat curious because of the nature of the suit –  Plaintiffs are trying to establish that Defendants failed to do certain things required by the Consent Decree and Implementation Plan.  It seems that some of the privileged information may benefit Defendants in their defense.  Otherwise, the information does not appear to be relevant.

**Memorandum Decision and Order -- Page 5**

Under these circumstances, the Court will find in favor of Defendants. Accordingly, the Court will deny the motion to compel and grant Defendants' motion for protective order.  However, with respect to the motion in limine, the Court will deny it in part and grant it in part.  The Court will not find, as requested by Plaintiffs, that Defendants failed to prepare and propose budget requests for increasing children's mental health services.  If budget requests were prepared and turned over to Plaintiffs in discovery, such information is clearly admissible at trial.  However, the Court will preclude Defendants from presenting any evidence denied Plaintiffs on the basis of the above privilege.  Defendants cannot withhold such information from Plaintiffs and then present it at trial in order to show compliance.  Thus, to the extent Defendants intended to introduce pre-decisional advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies were formulated as a means of showing compliance, Defendants shall be precluded from doing so.

**B.      Legislative Privilege.**

Plaintiffs do not dispute that the legislative immunity doctrine, provided by the Speech and Debate clause and under common law, functions as an evidentiary and testimonial privilege.  Plaintiffs do contend that "it is unclear whether the legislative privilege or the speech and debate privilege applies to a legislative

**Memorandum Decision and Order -- Page 6**

budget analyst, Cathy Holland-Smith." (Docket No. 590, p. 19).  Plaintiffs argue
that there was no evidence that Holland-Smith was acting on behalf of a legislator,
and that even if she was, she may not assert the privilege to bar testimony
regarding discussions and meetings with non-legislative individuals that were not
scheduled on behalf of a legislator.

The legislative privilege applies to legislative aids and staff members;
although it is less absolute.  *See Marylanders for Fair Representation Inc. v.
Schaefer*, 144 F.R.D. 292, 298 (D. Md. 1992).  Holland-Smith testified at her
deposition that she is a principal analyst at Legislative Services.  Her duties include
assisting individual members of the joint finance-appropriations committee to set
an appropriation each year during the legislative session.  She also provides staff
support for the entire legislature by gathering information about agency programs,
including financial information, as requested by legislators.

Holland-Smith clearly acts as an aid to legislators.  Moreover, even when
Holland-Smith is contacting individuals outside the legislator, her purpose is to
gather information for a legislator.  Under these circumstances, the Court finds that
the objected-to information is covered by the legislative privilege.  Accordingly,
the Court will deny the motion to compel and grant the motion for protective order.
However, as with the ruling on the executive privilege issue, the Court will grant

**Memorandum Decision and Order -- Page 7**

the motion in limine in part.  The Court will preclude Defendants from presenting

at trial any evidence denied Plaintiffs on the basis of the legislative privilege

## Motions for Summary Judgment

Defendants DHW and DJC both filed motions for summary judgment.  After

reviewing the extensive summary judgment briefs, the Court met with the parties

and determined that it would not issue a pre-trial ruling on an Action Item by

Action Item basis.  Instead, the Court asked the parties to submit short briefs

dealing with specific legal issues, which the Court could resolve prior to trial.  The

Court will address those legal issues here.

### A.    Idaho Council on Children's Mental Health ("ICCMH") Compliance.

Defendant DHW seeks a ruling that DHW is not responsible for ICCMH's

performance, and therefore neither law nor contract allows for DHW to be in

violation of an Action Item requiring action by ICCMH.  Plaintiffs argue that the

creation of ICCMH was never intended to relieve the defendants of any

compliance obligations.

There is clearly a distinction between DHW and ICCMH.  Otherwise there

would have been no reason to create ICCMH.  However, with respect to the Action

Items, it is, at times, difficult to distinguish between the duties of the two entities.

**Memorandum Decision and Order -- Page 8**

For example, Plaintiffs point out that DHW provides the accounting for the expenditure of funds by the ICCMH, DHW maintains the ICCMH's website, and DHW is responsible to contract for and pay for consultants hired by ICCMH to provide technical assistance.

In short, it is impossible for the Court to make a broad determination that DHW is or is not responsible for ICCMH's performance. Rather, the Court is left with a series of questions which remain to be answered:  Is DHW responsible generally for ICCMH's performance?  If not, is there another named defendant who has some supervisory responsibility for the functioning of ICCMH who can be compelled to ensure that ICCMH fulfills its obligation under the Implementation Plan?  Is it necessary, even at this late date, to name additional defendants to ensure that Action Items attributed to ICCMH can be enforced?  Unfortunately for the parties and the Court, these questions will need to be answered during the trial, along with a determination – on an Action Item by Action Item basis –  of  DHW's responsibility for ICCMH's performance.  Accordingly, the Court will deny the motion for summary judgment on this issue.

## B.    Additional Action Items in the Joint Report to the Court.

In early to mid-2001, the parties submitted the Implementation Plan to the Court (Docket No. 354) and the Court resolved disputed Action Items and

approved the Implementation Plan (Docket No. 360).  In May, 2002, the parties

submitted a Joint Report to the Court ("JRC") (Docket No. 393).  The JRC was

submitted by, and signed by counsel for, defendants and plaintiffs.  The JRC gave

the Court an overview of the Recommendations by category.  Although not

specifically listed as Action Items, the JRC listed a number of actions that needed

to be accomplished.  These actions were later incorporated into the Implementation

Plan as specific actions items.  They were subsequently listed in the Matrix (which

was submitted to the Court for ease of reference) with a JRC designation next to

them.

Only a month or so ago did either party suggest that the JRC Action Items

should not be considered legitimate Action Items.  The Court finds this a bit

disingenuous and self-serving by both parties.  It is clear that the JRC was

submitted by both defendants and plaintiffs over four years ago.  It is also clear

that all parties have considered the JRC Action Items to be, essentially,

Implementation Plan Action Items.  A review of the JRC leads the Court to the

same conclusion - the JRC lists each of the Recommendations, then lists past

accomplishments and future needed actions under each Recommendation.

Therefore, at this point, the Court will consider the JRC Action Items to be

Implementation Plan Action Items, agreed to by all parties.

**Memorandum Decision and Order -- Page 10**

The Court will note that it has compared the JRC with the Matrix and it appears that the actions listed in the JRC were copied into the Implementation Plan with the addition of a JRC notation.  However, the Court recognizes that, although it does not appear that any of the JRC Action Items were misstated, they were not always copied into the Matrix in a verbatim manner.  It is also unclear to the Court who physically created the Matrix containing the JRC Action Items. The party who added these items may have taken the liberty, either mistakenly or just for practical reasons, to change the language a bit.  Accordingly, although the Court will consider the JRC Action Items to be accurate at this time, the Court is open to considering additional argument and evidence on the issue at trial and in the parties' proposed findings of fact and conclusions of law to be submitted post-trial.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that DJC Director Reinke's Motion for Relief From Recommendation 23 (Docket No. 462) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that DJC Director's Motion for Partial Summary Judgment on All Remaining Issues (Docket No. 509) shall be denied as it relates to a request for summary judgment on an Action Item by Action Item basis.  It will also be denied with respect to the request that Defendants be relieved

from responsibility for ICCMH's performance.  It will be granted in part and denied in part with respect to the addition of Action Items as explained above.

IT IS FURTHER ORDERED that Defendants Kempthorne and Kurtz's Motion for Summary Judgment (Docket No. 510) shall be denied as it relates to a request for summary judgment on an Action Item by Action Item basis.  It will also be denied with respect to the request that Defendants be relieved from responsibility for ICCMH's performance.  It will be granted in part and denied in part with respect to the addition of Action Items as explained above.

IT IS FURTHER ORDERED that Plaintiff's Certified Motion to Compel and/or Motion in Limine (Docket No. 590) shall be DENIED in part and GRANTED in part.  Plaintiffs' request for further deposition testimony shall be denied.  However, Defendants shall be prohibited from entering into evidence at trial any testimony or documents denied Plaintiffs based on the executive or legislative privileges.

IT IS FURTHER ORDERED that Non-Party Holland-Smith's Motion for Protective Order (Docket No. 601) shall be GRANTED.  Plaintiffs are prohibited from re-opening the deposition of Catherine Holland-Smith.

IT IS FURTHER ORDERED that Defendants Kempthorne's and Kurtz' Motion for Protective Order (Docket No. 603) shall be GRANTED.  Plaintiffs are

prohibited from re-opening the depositions of Karl Kurtz and Brad Foltman.

DATED: **September 1, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order -- Page 13**